UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIBEK ISLAMOV,<br><br>                               Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.: 25cv3390-LL-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner Alibek Islamov's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return in opposition to the Petition [ECF No. 6], and Petitioner filed a Reply [ECF No. 8]. For the reasons set forth below, the Court **GRANTS** the Petition.

Petitioner Alibek Islamov is a detainee in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. On December 2, 2025, he filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Petitioner is a Russian national who entered the United States in July 2021 in "DT status" (humanitarian parole). *Id.* ¶ 6. He alleges that his prolonged detention since March 18, 2025, with no reasonably foreseeable removal,

violates the Fifth Amendment's Due Process Clause. *Id.* ¶¶ 34–40. He seeks a writ of habeas corpus directing Respondents to immediately release him from custody under reasonable conditions of supervision or alternatively, to provide him a bond hearing. *Id.* at 10.

## I. BACKGROUND

Petitioner is a Russian national who entered the United States in July 2021 in "DT status," which is a type of humanitarian parole. Pet. ¶ 1. He was paroled until December 22, 2022. *Id.* On June 28, 2022, before the expiration of his initial parole, Petitioner filed an application for asylum and withholding of removal with U.S. Citizenship and Immigration Services (USCIS) *Id.* ¶¶ 1, 23; ECF No. 1-3 (Ex. B).

Prior to his detention, Petitioner lived in San Diego with his wife and three children and operated his own trucking and transportation business with a valid work permit. Pet. ¶¶ 11, 14. Petitioner states that he timely filed his income tax returns, has strong community ties, and has no criminal history. *Id.* ¶ 12.

On March 18, 2025, Petitioner was apprehended by agents of U.S. Immigration and Customs Enforcement (ICE), detained at Otay Mesa Detention Center, and served with a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not possessing valid entry documents. *Id.* ¶ 14. Respondents state that Petitioner remains mandatorily detained in ICE custody pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 6 at 2.

On March 25, 2025, Petitioner filed an application for Temporary Protected Status (TPS) as a native of the former USSR and a permanent resident of Ukraine, which remains pending. *Id.* ¶ 17; ECF No. 1-12 (Ex. K).

On September 17, 2025, an immigration judge denied Petitioner's asylum application on the basis that it was barred by a finding of "firm resettlement," granted withholding of removal as to Russia, but denied withholding of removal and protection under Convention Against Torture as to Ukraine, and ordered Petitioner removed to Ukraine. Pet. ¶ 19; ECF No. 1-14 (Ex. M). On October 14, 2025, Petitioner timely appealed

1  that decision with the Board of Immigration Appeals, which remains pending. Pet. ¶ 20; ECF No. 1-15 (Ex. N).

On December 2, 2025, Petitioner filed the instant Petition, alleging that he is being detained without cause and his prolonged detention violates the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 34–40. He seeks a writ of habeas corpus directing Respondents to immediately release him from custody under reasonable conditions of supervision, or alternatively, to provide him with a bond hearing before an immigration judge at which the government bears the burden of justifying continued detention. *Id.* at 10.

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.  DISCUSSION

### A.  Jurisdiction

Respondents argue that as a threshold matter, Petitioner's claims and requested relief are jurisdictionally barred under 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(5). ECF No. 6 at 7–10.

#### 1.  8 U.S.C. § 1252(g)

Section 1252(g) states that "[e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney

/ / /

General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

Respondents argue that Petitioner's claims are barred because they arise "from the decision or action of the Attorney General to commence proceedings [and] adjudicate cases," which removes district court jurisdiction. ECF No. 6 at 7–8.

The Court finds § 1252(g) does not bar its jurisdiction over Petitioner's claims. The Supreme Court has explained that § 1252(g) does not bar jurisdiction for the "universe of deportation claims" but instead "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *2 (9th Cir. Aug. 27, 2025) ("The Supreme Court has instructed that we should read § 1252(g) narrowly."). The Supreme Court later reiterated this narrow application of § 1252(g): "We did not interpret this language to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). Petitioner is not challenging the commencement of removal proceedings but is instead claiming a lack of legal authority to detain him without cause and for a prolonged time during proceedings. *See Ibarra-Perez*, 2025 WL 2461663, at *2 (noting that a claim based on a lack of legal authority to execute a removal order due to a violation of a court order, the Constitution, INA, or international law, does not challenge the decision or action to execute a removal order). Therefore, § 1252(g) does not limit the Court's jurisdiction in this matter.

2.   **8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(5)**

Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this

section." 8 U.S.C. § 1252(b)(9). Section 1252(a)(5) adds that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter," except for certain actions challenging orders under § 1225(b)(1). 8 U.S.C. § 1252(a)(5), (e).

Respondents argue that § 1252(b)(9) and § 1252(a)(5) apply here because they remove the Court's jurisdiction "to review both direct and indirect challenges to removal orders, including decisions to detain for purposes of removal or for proceedings." ECF No. 6 at 9.

The Court finds § 1252(b)(9) and § 1252(a)(5) do not apply to Petitioner's claims. The Supreme Court has explained that "§ 1252(b)(9) 'does not present a jurisdictional bar' where those bringing suit 'are not asking for review of an order of removal,' 'the decision . . . to seek removal,' or 'the process by which . . . removability will be determined.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020) (quoting *Jennings*, 583 U.S. at 294–95). The Ninth Circuit has also recognized that "claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Petitioner is claiming a lack of legal authority to detain him without cause and for a prolonged time, which is not a review for an order of removal, the decision to seek removal, or the process by which removability will be determined. *See Jennings*, 583 U.S. at 293 ("Interpreting 'arising from' [in § 1252(b)(9)] in this extreme way would also make claims of prolonged detention effectively unreviewable."). Accordingly, § 1252(b)(9), and by extension § 1252(a)(5), do not bar the Court from jurisdiction in this case.

B.  **Exhaustion**

Respondents suggest that Petitioner has failed to exhaust administrative remedies, and that the Court should dismiss or stay this matter to allow Petitioner to exhaust, unless exhaustion is excused. ECF No. 6 at 10 n.1.

Petitioner contends that prudential exhaustion requirements should be waived for futility. ECF No. 8 ¶¶ 30, 34.

There is no statutory requirement under § 2241 to exhaust direct appeals before filing a petition for habeas corpus. *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004) (citation omitted). However, the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Id.* (citation omitted) (alteration in original). A court has discretion to waive a prudential exhaustion requirement. *Id.* Such exceptions include situations "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). A petitioner seeking to waive the prudential exhaustion requirement must show that at least one of the *Laing* factors applies. *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018).

The Court finds Petitioner has met his burden to show that pursuit of administrative remedies would be futile. The BIA issued *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), on September 5, 2025 as a precedential decision, which "serve[s] as precedent[] in all proceedings involving the same issue or issues." *See* 8 C.F.R. § 1003.1. The BIA decision found that noncitizens who are present in the United States without admission are deemed to be "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and ineligible for a bond hearing. *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 225. Therefore, appeals to the BIA would be futile because it will find Petitioner subject to mandatory detention pursuant to *Matter of Yajure Hurtado* without consideration of Petitioner's due process challenge to his prolonged detention. *See Ramirez v. Noem*, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *6 (D. Nev. Nov. 24, 2025) (finding constitutional challenges to immigration detention fall into the futility exception to the exhaustion requirement). Accordingly, the Court waives the prudential exhaustion requirement.

The Court turns now to the merits of the Petition.

**C.    Merits**

Petitioner argues that he is detained without cause and for a prolonged time, which violates the Fifth Amendment's Due Process Clause. Pet. ¶¶ 35–40.

Respondents contend there is no due process violation because Petitioner is detained pursuant to § 1225(b)(2)(A), which mandates detention through the conclusion of the removal process, and his detention is not unconstitutionally prolonged. ECF No. 6 at 11–15.

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "At the same time, however, this Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Id.* The Ninth Circuit has questioned the constitutionality of certain immigration detention statutes, including § 1225(b):

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S. Ct. 2095, 95 L.Ed.2d 697 (1987). Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L.Ed.2d 653 (2001) (internal quotation marks and citation omitted).

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (alteration in original).

The Court agrees with those courts that have found a noncitizen detained under § 1225(b) for a prolonged period without an individualized bond hearing may assert a constitutional right to due process. *See Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *2 (S.D. Cal. Nov. 12, 2025) ("This Court agrees with the majority

position that a petitioner detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing."); *Maksin v. Warden, Golden State Annex*, No. 1:25-CV-00955-SKO (HC), 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) ("Several courts including the Third, Sixth, and Ninth Circuit, as well as numerous district courts, have found that unreasonably long detention periods may violate the due process clause." (collecting cases)); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" (quoting *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted,* No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019))); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116–17 (W.D. Wash. 2019).

Petitioner contends that applying the six-factor balancing test articulated in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019), shows that his detention violates his due process rights. *Id.* at 1106; Pet. ¶ 38–40; ECF No. 8 ¶¶ 42–51. Respondents argue that applying those factors shows that Petitioner's detention is not unconstitutional at this stage. ECF No. 6 at 15–16.

Courts in the Ninth Circuit have used various factor tests to determine whether due process requires a bond hearing in immigration detention cases, including the *Banda* test. In *Banda*, the court considered the following factors to determine whether prolonged mandatory detention under § 1225(b) in a particular case violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee;

(5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)).

The Court first considers the length of detention and likely duration of future detention. The total length of detention to date is considered the most important factor. *Id.* To date, Petitioner has been in detention for about ten months. Courts have found detentions of similar and shorter duration without a bond hearing weigh toward a finding that they are unreasonable. *See, e.g.*, *Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at *5 (S.D. Cal. Sept. 26, 2025) (over ten months); *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (nearly nine months); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (over seven months); *Brissett v. Decker*, 324 F. Supp. 3d 444, 452 (S.D.N.Y. 2018) (over nine months). Therefore, the Court finds the length of detention weighs in favor of Petitioner. Petitioner's future detention can last several more months or even years during the adjudication of Petitioner's appeal to the BIA and if unfavorable, his appeal to the Ninth Circuit. ECF No. 8 ¶ 45 (Petitioner indicates he intends to seek appellate review if his appeal to the BIA is unsuccessful); s*ee Banda*, 385 F. Supp. 3d at 1119 (finding an appeal to the BIA and subsequent judicial review "may take up to two years or longer"). Additionally, adjudication of Petitioner's pending TPS application is projected to take nineteen months from when it was filed in March 2025. ECF No. 1-16 at 2. The Court finds the duration of future detention weighs in favor of Petitioner.

In considering the conditions of detention, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (second alteration in original) (citation omitted). Petitioner is detained at Otay Mesa Detention Center "under restrictive conditions resembling penal detention." Pet. ¶ 39. Courts have found confinement at OMDC is "indistinguishable from penal confinement."
/ / /

*Gao*, 2025 WL 2770633, at *4; *Kydyrali*, 499 F. Supp. 3d at 773. The Court finds this factor weighs in favor of Petitioner.

The fourth and fifth factors concern delays in the removal proceedings caused by Petitioner or the government. The Court finds no showing that either side has caused undue delays, so these factors are neutral.

In considering the "likelihood that the removal proceedings will result in a final order of removal," the Court considers "whether the noncitizen has asserted any defenses to removal." *Banda*, 385 F. Supp. at 1120 (citations omitted). "[W]here a noncitizen has asserted a good faith challenge to removal, 'the categorical nature of the detention will become increasingly unreasonable.'" *Id.* (citing *Sajous v. Decker*, No. 18-CV-2447 (AJN), 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018)). An immigration judge denied Petitioner's asylum application and denied withholding as to Ukraine, but granted withholding of removal as to Russia, which suggests his asylum claim is not completely meritless. There is no showing that Petitioner's TPS application is likely to be granted or denied. With some merit to his asylum application, but a denial of withholding removal as to Ukraine, the Court finds this factor is neutral.

Considering all the factors, the Court finds Petitioner's mandatory detention under § 1225(b) has become unreasonable and that due process requires that he be provided with a bond hearing.[1] *See Rodriguez v. Robbins*, 715 F.3d 1127, 1144 (9th Cir. 2013) ("[W]e note that the discretionary parole system available to § 1225(b) detainees is not sufficient to overcome the constitutional concerns raised by prolonged mandatory detention."). At the bond hearing before a neutral immigration judge, Respondents "must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Gao*, 2025 WL 2770633, at *5

---

[1] Although Petitioner requests immediate release from detention, he provides no authority to show he is entitled to such relief. The Court thus finds the appropriate remedy in this case is a bond hearing. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022).

1  (citations omitted); *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (noting that due process requires "the government to prove dangerousness or risk of flight by clear and convincing evidence" at a bond hearing for noncitizens subject to prolonged detention (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011))).

Accordingly, the Court **GRANTS** the Petition.

## IV.  CONCLUSION

For the reasons above, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Within **seven days** of this Order, Respondents are directed to arrange an individualized bond hearing before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within seven days of this Order, Petitioner shall be released from Respondents' custody.

**IT IS SO ORDERED**.

Dated:  January 14, 2026

_____
Honorable Linda Lopez
United States District Judge