UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIBEK ISLAMOV,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  25cv3390-LL-MSB<br><br>**ORDER DENYING PETITIONER'S MOTION TO ENFORCE HABEAS ORDER**<br><br><br>[ECF No. 11] |

Before the Court is Petitioner Alibek Islamov's Motion to Enforce the Habeas Order. ECF No. 11. Respondents filed a Response [ECF No. 13] and Petitioner filed a Reply [ECF No. 15]. For the reasons set forth below, the Court **DENIES** the Motion.

## I.      BACKGROUND

On January 14, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 224, finding that Petitioner was detained for a prolonged period without an individualized bond hearing in violation of his constitutional right to due process. ECF No. 9. The Court ordered Respondents to arrange an individualized bond hearing before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community

or a flight risk if released. *Id.* at 11. If no hearing occurred within seven days of the order, Respondents were ordered to release Petitioner from Respondents' custody. *Id.*

On January 20, 2026, a custody redetermination hearing was held before an immigration judge. ECF No. 11-2. The government submitted the following evidence: (1) September 17, 2025 Order of the Immigration Judge in which Petitioner was ordered removed to Ukraine and withholding as to Russia was granted, and (2) a Federal Bureau of Investigation letterhead memorandum ("LHM"). ECF No. 11-4. The LHM is prefaced with the following: "The FBI is aware of the following information regarding Alibek Islamov (Islamov) []. The FBI makes no assessments in this LHM." ECF No. 11-4 at 9. The LHM referenced Petitioner's participation in WhatsApp groups, employment history, and sources of income. *Id.* at 9–11; Pet. at 3.

The government also filed the following documents through the immigration court's electronic filing system ECAS on January 20, 2026: (1) a printout of Petitioner's immigration history collected by the Department of Homeland Security ("DHS") in its EARM database; (2) Petitioner's Notice to Appear dated December 22, 2022; and (3) DHS Form I-213 (titled "Record of Deportable/Inadmissible Alien"). ECF No. 11-6. Petitioner claims this information was submitted by the government in support of its claim that Petitioner is a danger to the community and a flight risk. ECF No. 11-1 at 4. The EARM printout includes a section titled "Crime Assessment" in which an assessment dated August 8, 2025 states: "Has engaged in or is suspected of terrorism or espionage, or otherwise poses a danger to national security" and "Has no criminal convictions or criminal arrests/charges with pending dispositions." ECF No. 11-6 at 6. The Form I-213 indicates that Petitioner's re-arrest was based on an alleged lack of lawful admission following the termination of his prior proceedings. *Id.* at 14.

Petitioner submitted about one hundred pages of evidentiary support in favor of his release, including documentation of his background and character, letters of support from friends, family members, and a sponsor, business records, a bank statement for Petitioner's wife, and tax transcripts for 2022, 2023, and 2024. ECF No. 11-1 at 2; ECF No. 11-3.

25cv3390-LL-MSB

Petitioner included in the instant Petition a transcript of his individual merits hearing before an immigration judge on August 19, 2025, in which he denied any involvement with terrorist organizations and described the two WhatsApp groups he is a member of. ECF No. 11-1 at 3; ECF No. 11-5 at 15, 37. However, it is unclear to the Court if the August 19, 2025 transcript was submitted to the immigration judge for the January 20, 2026 hearing because Petitioner does not state that it was, and it is not included in either of the two packets titled "Evidence in Support of Bond Request." *See* ECF No. 11-1 at 3, ECF No. 11-3 at 2–4, 100–102.

During the January 20, 2026 hearing, the government argued that Petitioner was both a flight risk and a danger to the community. ECF No. 17-1 at 3–4. The government argued that Petitioner was "such an extreme flight risk that no bond is appropriate in this case" because he had "no concrete ties to the United States when he first entered in 2023" and even though he has a pending appeal to the BIA, his asylum application had been denied and he was ordered removed to Ukraine. *Id.* at 4. As to dangerousness, the government argued the contents of the LHM noted concerns that Petitioner "has contacts with at least one individual that was displaying ISIS-related iconography" and "there's also a concern that he has been transferring amounts of money that are far in excess of what he is legally appearing to earn." *Id.*

The immigration judge also heard from Petitioner's counsel at the hearing. *Id.* at 5–6. Petitioner's counsel argued that Petitioner refuted the issues raised in the LHM during his removal proceedings with reasonable explanations, including: (1) Petitioner's WhatsApp subgroup has no affiliation with terrorist organizations, (2) Petitioner proved his legally-earned income with tax transcripts, and (3) Petitioner has no criminal history in any country. *Id.* at 5. Petitioner's counsel argued that any allegations about Petitioner being a terrorist are speculative. *Id.* at 5–6. Petitioner's counsel also argued that he is not a flight risk because of his ties to the United States including his wife and three children, two of whom have been granted TPS status. *Id.* at 5. Additionally, Petitioner's TSP application
/ / /

and asylum appeal are pending. *Id.* Petitioner also had a work authorization, two companies, and a truck in his name prior to his detention. *Id.*

The immigration judge denied bond. The order following the custody redetermination states that "[a]fter full consideration of the evidence presented, the respondent's request for a change in custody status is hereby . . . [d]enied, because DHS has established by clear and convincing evidence that [Mr. Islamov] is both a danger and a flight risk." ECF No. 11-2 at 2. In the transcript of the January 20, 2026 hearing, the immigration judge stated that he "considered the evidence and the arguments" that were made, noted the government's burden to show by clear and convincing evidence that Petitioner is a danger or a flight risk, and found that the government "satisfied their burden as it relates to both danger and flight risk." ECF No. 17-1 at 6. The immigration judge also said to Petitioner, "If you file a bond appeal, I'll prepare a bond memorandum, and I'll explain my decision in more detail." *Id.* at 7.

In Petitioner's instant Motion, he contends that the immigration judge ("IJ") denied bond on January 20, 2026 "based on legally improper considerations and a materially erroneous factual premise, thereby depriving Petitioner of the meaningful custody determination required by due process and this Court's Order." ECF No. 11-1 at 1.

## II.    LEGAL STANDARD

A federal court has "inherent power to enforce its judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996); *Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994), *as amended on denial of reh'g* (Jan. 6, 1995) ("[D]istrict courts have continuing jurisdiction to enforce their injunctions."). "The moving party has the burden of showing by clear and convincing evidence" that Respondents "violated a specific and definite order of the court." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992) (citation omitted). The burden then shifts to Respondents "to demonstrate why they were unable to comply." *Id.* (citation omitted).

When reviewing an immigration custody determination in habeas proceedings, the district court must apply an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775,

784 (9th Cir. 2024) ("When questions require a close review of agency-found facts, like the 'dangerousness' determination [in an immigration custody hearing], we review for an abuse of discretion."). In doing so, the court "cannot reweigh evidence . . . but can only determine whether the [IJ] applied the correct legal standard." *Id.* at 785 (internal brackets and citation omitted). "Thus, the Court's review is effectively limited to whether the IJ's decision 'reflects "clear legal error" or is unsupported by sufficient evidence.'" *Kumar v. Noem*, No. 1:26-CV-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) (citation omitted).

## III.   DISCUSSION

Petitioner contends that Respondents failed to provide a bond hearing that complied with this Court's habeas order because the immigration judge ("IJ") conducting the hearing relied on a Federal Bureau of Investigation LHM "that expressly disclaims any assessment and consists solely of unverified summaries of third-party information" in determining that Petitioner posed a danger to the community and a flight risk. ECF No. 11-1 at 5. Petitioner argues that the IJ's reliance on "such non-analytical and uncorroborated material cannot satisfy the Government's burden to justify detention by clear and convincing evidence" as a matter of law. *Id.* at 2.

Respondents argue that Petitioner's challenge is improper because he failed to exhaust administrative remedies and should instead appeal to the Board of Immigration Appeals ("BIA"). ECF No. 13 at 2.

On the threshold matter of exhaustion, the Court finds there are no administrative remedies to exhaust on this Motion to Enforce the Court's prior order. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (noting that a "district court had authority to review compliance with its earlier order conditionally granting habeas relief"); *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1114 (S.D. Cal. 2008) ("This request for relief relates directly to this Court's prior order and, as such, there are no administrative remedies to exhaust.").

/ / /

25cv3390-LL-MSB

On the merits, the Court considers whether Petitioner has shown by clear and convincing evidence that Respondents violated this Court's order for a bond hearing before an IJ in which the government had the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. *See Stone*, 968 F.2d at 856 n.9 (citation omitted). Specifically, Petitioner argues that the IJ's reliance on the LHM cannot satisfy the clear-and-convincing standard as a matter of law.

The Court finds Petitioner has not met his initial burden to show Respondents violated the habeas order. At the bond hearing, the IJ referenced this Court's habeas order and expressly stated the proper burden. The IJ described the evidence submitted, and after hearing argument from both sides, said that he considered the evidence and arguments. Petitioner contends that the IJ's reliance on the FBI's LHM was insufficient as a matter of law to meet the government's clear-and-convincing burden. However, the LHM was not the only evidence submitted by Respondents. Furthermore, the IJ did not ask any questions of either side after hearing their arguments and did not indicate what he relied on or what he discounted in making his decision. Although the LHM disclaims any assessments by the FBI, it contains information that the FBI learned about Petitioner specifically, in part as the result of an interview the FBI conducted with Petitioner on March 27, 2025. ECF No. 11-4 at 9. Mindful that this Court cannot reweigh the evidence, the Court finds that Petitioner has not shown by clear and convincing evidence that Respondents violated this Court's habeas order.

**IV.   CONCLUSION**

For the reasons set forth above, the Court **DENIES** Petitioner's Motion to Enforce. The Clerk of Court shall close this case.

**IT IS SO ORDERED**.

Dated:  June 25, 2026

_____

Honorable Linda Lopez
United States District Judge

25cv3390-LL-MSB